# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | Criminal No.  3:22-CR-88-DJH |
| PHIL PASCOE, *et al*. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT PHIL PASCOE, SCOTT TUBBS,
## AND MONICA PASCOE'S MOTION TO CONTINUE TRIAL DATE

Pursuant to Local Criminal Rule 47.1(b), Defendants Phil Pascoe, Scott Tubbs, and Monica Pascoe, by counsel, hereby jointly move to continue the trial in this matter, now set for April 1, 2024 (DN 98).  The individual defendants respectfully request a continuance of at least 30 days to allow the Court to rule on the numerous pending motions, review evidence recently disclosed, and continue preparing their defense.  The grounds for this motion are as follows:

1. The United States indicted this case on August 17, 2022 (DN 1).  The case was unsealed on November 9, 2022.  Subsequently, the government has superseded the indictment twice (DN 49 & 73).  The Second Superseding Indictment was issued on December 5, 2023  (DN 73).

2. The Court previously declared this case complex for purposes of the Speedy Trial Act, U.S.C. §3161(h)(7)(B)(ii).  (*See* December 15, 2022 Memorandum of Hearing and Order, DN 28, PageID #: 104, ¶ 2.)

3. Although all defendants vigorously opposed the government's prior motion to continue, circumstances have changed, and there are four substantial reasons why the Court should postpone this trial. First, the defendants filed a motion to compel the government to produce exculpatory *Brady* evidence from redacted documents yesterday. (*See* DN 162.) As discussed in the briefing, the identities of the people involved in the commodity-jurisdiction determinations are critical to the defense. Without these identities, the defendants cannot subpoena these individuals, who may provide testimony favorable to the defendants. The government has repeatedly refused to provide this information despite various requests from the defendants and a meet and confer on the issue. This is obviously an important evidentiary issue that the Court should consider immediately.

4. Second, there are two dozen outstanding motions before the Court, and the Court's rulings may change the landscape of this trial. More specifically, there are currently twenty defensive motions (DN 71, 85, 86, 87, 88, 89, 90, 91, 93, 133, 135, 136, 137, 139, 141, 142, 143, 144, 147, & 162) and four government motions (DN 134, 138, 140, & 146) pending before the Court. They include a motion to dismiss that was submitted on January 10, eight dispositive joint defense motions that were fully briefed on February 9, and ten motions in *limine* submitted on March 11. In addition, the defense recently filed a motion to dismiss because of government disclosure of alleged ITAR information (DN 147) and a motion to compel exculpatory *Brady* evidence (DN 162). These motions ask the Court to consider complex statutory and constitutional arguments related to ITAR and DFARS, exclude potential experts, and determine whether certain evidence is admissible prior to trial. The outstanding motions span over 1,461 of the 2,324 pages in the entire record. The Court's ruling on these motions will ultimately determine the issues presented at trial and undoubtedly have an impact on how the defendants prepare for trial.

5. Third, the government has made late production of documents, in a manner which requires additional time for the defendants to consider. At this juncture, the government has made thirteen productions. Within the past couple weeks, the government produced 505 files, which includes approximately 5,512 pages or 3.5 gigabytes of data. During its preliminary review of this production, defense counsel noted that certain files are corrupt and other items are missing (i.e., the government provided a slip sheet documenting a recorded interview but did not produce the actual recording or anything related to its contents). Defense counsel has reached out to the government about these discovery issues. Due to the recent productions of discovery, undersigned counsel needs additional time to meaningfully review all of the discovery. In addition, the defense is also expecting a voluminous *Jencks* production, which has not yet been produced to the defendants.

6. Fourth, counsel for Monica Pascoe is currently set for a trial set to begin on Monday, March 18, 2024, *United States v. Lohden, et al.*, 3:22-cr-111-DJH. He cannot properly prepare for this case while devoting his time and energy to trying a different case.

7. The requested postponement of trial in this case would merit exclusion under the complex-litigation provisions in the Speedy Trial Act. Under the Speedy Trial Act, a continuance of trial may be granted "on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One factor for the Court's consideration in determining whether to grant a continuance is whether the case "is so unusual or so complex, due to. . . the nature of the prosecution. . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). Likewise, "[d]efense counsel's need for additional time to prepare an unusually complex case is

an appropriate reason for granting a continuance." *United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012) citing *United States v. Stone*, 461 Fed Appx. 461, 464-65 (6th Cir. 2012); *see also* 18 U.S.C. § 3161(h)(7)(B)(iv).

8.  Section 3161(h)(7)(B) sets forth a non-exhaustive list of factors for a court to consider in granting a continuance. *See* 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Critical here, the Speedy Trial Act provides a basis for a continuance if "the failure to grant such a continuance in a case . . . would deny counsel for the defendant . . . the reasonably time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The present case satisfies each of these requirements. Here, the government alleges that the Defendants engaged in a conspiracy to export from the United States to China defense articles, specifically technical data protected by the United States Munitions List. The government also charged the Defendants with three counts of wire fraud in the Western District of Kentucky and elsewhere. (DN 73). In addition, Defendants Phil Pascoe, Scott Tubbs, and Quadrant Magnetics LLC have been charged with four counts of exporting technical data without a license in violation of 22 U.S.C. §§ 2778(b)(2) and 2778(c), and 22 C.F.R. §§ 121.1, 123.1, and 127.1, and one count of smuggling goods from the United States in violation of 18 U.S.C. § 554. These charges are serious in nature and defense counsel needs ample time to prepare a defense for a case that the government has been working on since at least 2018.

9.  Defendants understands that they each have a right to a speedy trial, and they agree that the continuance requested here is in the interest of justice pursuant to 18 U.S.C. §3161(h)(7)(A). Defendants agree that the time between the filing of this motion and the new trial date should be excluded from the calculations under the Speedy Trial Act.

10. The Court should therefore vacate the current trial date and continue the trial to a later date. The Court should not change any other dates for pretrial compliance which have already passed, including the deadline for expert disclosure.

Wherefore, Defendants Phil Pascoe, Scott Tubbs, and Monica Pascoe respectfully request that the Court postpone the current trial date for at least thirty days.

Respectfully submitted,

*/s/ Kent Wicker*
Kent Wicker
Kayla M. Campbell
WICKER / BRAMMELL PLLC
323 West Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 780-6185
kent@wickerbrammell.com
kayla@wickerbrammell.com
*Counsel for Phil Pascoe*

*/s/ Scott C. Cox (with permission)*
Scott C. Cox
Scott Coleman Cox II
Cox & Mazzoli, PLLC
600 W. Main Street
Suite 300
Louisville, KY 40202
(502) 589-6190
CoxECF@aol.com
ccox@600mainlaw.com
*Counsel for Monica Pascoe*

*/s/ Patrick Renn (with permission)*
Patrick Renn
600 W Main Steet, Suite 100
Louisville, KY 40202
(502) 540-1231
prenn@600westmain.com
*Counsel for Scott Tubbs*

## Certificate of Service

     I hereby certify that a copy of the foregoing has been served upon all parties by electronic filing this 14th day of March, 2024.

                                            */s/ Kent Wicker*
                                            Kent Wicker